UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JHERASHIO RAMANDES HOSEY                                 PLAINTIFF

VERSUS                             CIVIL ACTION NO. 1:12CV161-HSO-RHW

PRESTON GOFF, JR.                                               DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Jherashio Ramandes Hosey filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his conviction and sentence for possession of a controlled substance with intent to distribute. A jury convicted Hosey of the charged offense. The state trial court sentenced Hosey as an habitual offender to a 30-year prison term. On a motion for reconsideration, the trial court later reduced the sentence to 13 years. Dkt. [14-1] at 94.

Hosey filed an appeal from his conviction and sentence, which the Mississippi Court of Appeals affirmed. *See Hosey v. State of Mississippi*, 77 So.3d 507 (Miss. Ct. App. 2011). A subsequent motion for rehearing was denied, as was a petition for writ of certiorari filed with the Mississippi Supreme Court. Dkt. [14-6] at 2-3 & 37. On direct appeal, Hosey raised all of the same issues that are asserted in the instant § 2254 petition. Accordingly, the Mississippi state courts have had the opportunity to review the questions presented.

**Factual Background**

On April 28, 2009, Sergeant Rob Enochs was watching digital video feed from a pole camera installed near the intersection of 31st Avenue and 20th Street in Gulfport, Mississippi. Dkt. [14-2] at 97. Enochs observed a man later identified as Hosey conduct several "hand to hand transactions" where money was exchanged. *Id.* at 98. Suspecting that Hosey was selling

drugs, Enochs directed Detectives Mark Joseph and Bradley Walker to drive to the intersection and conduct an investigation. *Id.* at 101-02. When Joseph and Walker arrived at the intersection, Hosey began moving in the opposite direction. *Id.* at 154. When Detective Joseph exited the car and announced that he was with the police, Hosey began to run. Dkt. [14-3] at 2. A brief struggle ensued as Joseph subdued and handcuffed Hosey. *Id.* at 2-5. While apprehending Hosey, Joseph observed Hosey discard an object. *Id.* After arresting Hosey, the detectives searched for and found the discarded object, which proved to be crack cocaine. *Id.* at 5, 46-48.

In his § 2254 petition, Hosey asserts the following claims: (1) the evidence was insufficient to prove possession with intent to distribute cocaine; (2) the form of the verdict was fatally defective; (3) the weight of evidence did not support the verdict; (4) the trial court improperly excluded a defense witness; (5) the trial court erred when it allowed the introduction of evidence of prior convictions;[1] (6) the trial court allowed improper lay opinion testimony; and (7) cumulative error deprived Hosey of a fair and impartial trial.

## Law and Analysis

### Standard of Review

This Court must consider Hood's claims in light of the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA).

28 U.S.C. § 2254 (d) provides:

---

[1] It is debatable whether Hosey in fact raised the prior convictions claim in his § 2254 petition. It appeared in his direct appeal as the fifth issue. When numbering his claims in the § 2254 petition Hosey skipped "number 5", which logically would have been the claim about prior convictions. However, later in the petition, he cites to "Issue #5 Use of Prior Convictions". *See* dkt. [1] at 13. Out of an abundance of caution, the undersigned will address the merits of this issue.

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law,
> > as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State court proceeding.

Federal habeas courts review claims addressing questions of law or mixed questions of law and fact that were adjudicated on the merits in state court only when subsection (d)(1) applies. *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000). Thus, a state court decision on the merits of a mixed question of law and fact will be reviewed only upon a showing that the decision was contrary to federal law or involved unreasonable application of federal law. A state court decision is contrary to federal law when it is opposite to a United States Supreme Court decision and when it is at variance with a Supreme Court decision upon "materially indistinguishable facts." *See Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision involves unreasonable application of federal law when the state court properly identifies the applicable federal principle but applies it in an objectively unreasonable manner. *Id*. at 409. Federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000).

### Issue (1): Sufficiency of the Evidence

Hosey asserts that there was no evidence either that he possessed or intended to distribute

cocaine.  In assessing the sufficiency of the evidence to support a state conviction, a federal habeas court must inquire, after viewing the evidence in a light most favorable to the prosecution, whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *West v. Johnson*, 92 F.3d 1385, 1393 (5th Cir. 1996).  This Court is required to accept all credibility choices and conflicting inferences in favor of the jury's verdict.  *See Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005).  This requirement encompasses both direct and circumstantial evidence. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990); *see also Jackson*, 443 U.S. at 324-25. Witness credibility determinations are within the province of the jury and it "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001).  On habeas review, the court defers to the trier of fact in resolving conflicts requiring credibility determinations.  *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002).

The Mississippi Court of Appeals addressed the sufficiency-of-evidence issue on direct appeal and concluded that the testimony of Enochs and Joseph supported the conviction for possession with intent to distribute.  *See Hosey*, 77 So. 3d at 512-13.  In his petition, Hosey asserts, but without explanation, that the evidence was insufficient to support the charges.  To the contrary, Detective Joseph testified that during the arrest, Hosey threw cocaine to the ground. From this testimony, a jury could reasonably conclude that Hosey possessed cocaine.  Just minutes prior to the arrest, Sergeant Enochs had observed Hosey make several hand to hand transactions involving the transfer of cash.  Based on this testimony, a jury could reasonably conclude that Hosey was selling drugs.  Although he makes the unsupported assertion that the

evidence was not sufficient to support a conviction, Hosey has not explained how the state court's decision was contrary to, or involved an unreasonable application, of clearly established Federal law. Nor has he explained how the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. Thus, the undersigned finds this claim to be without merit.

### Issue (2): Form of the Verdict

Hosey next argues that the form of the verdict was fatally defective, because the verdict was silent as to intent. Specifically, the jury verdict read as follows: "We the jury find the defendant, Jerashio Ramandes Hosey, guilty of possession of controlled substance with intent." *See* dkt. [14-1] at 73. Hosey asserts that because the verdict only said "with intent" and not "with intent to distribute", he was found guilty of possession only and not with intent to distribute.

In its opinion, the Mississippi Court of Appeals rejected Hosey's argument. *See Hosey*, 77 So. 3d at 513-14. The court pointed out that Hosey's attorney agreed to instruction C-5A, which provided the form of the verdict. In relevant part, the instruction reads as follows:

> If you find the defendant JHERASHIO RAMANDES HOSEY, guilty of Possession of a Controlled Substance, with Intent, the form of your verdict shall be:
>
> WE THE JURY FIND THE DEFENDANT, JHERASHIO RAMANDES HOSEY, GUILTY OF POSSESSION OF CONTROLLED SUBSTANCE, WITH INTENT."

Dkt. [14-1] at 56. Following this instruction, the jury found Hosey "guilty of possession of controlled substance, with intent". *Id.* at 73. The undersigned notes that a separate jury instruction informed the jury that Hosey "has been charged in an Indictment with the crime of

5

Possession of a Controlled Substance with Intent to Deliver", and that in order to find Hosey guilty the jury must find from the evidence in the case beyond a reasonable doubt that Hosey possessed cocaine "with the intent to transfer or distribute said Cocaine". *Id.* at 63. The Mississippi Court of Appeals held that the issue was procedurally barred on appeal because Hosey failed to object to jury instruction C-5A. *Hosey*, 77 So. 3d at 513-14.

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). State procedural bars are independent and adequate when the state has strictly or regularly applied them to the vast majority of similar cases. *Id.* The Fifth Circuit has held that Mississippi's contemporaneous objection rule is an independent and adequate state procedural bar. *See Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999); *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992). Petitioner bears the burden of showing that the state does not strictly or regularly follow the procedural bar. *Williams v. Puckett*, 283 F.3d 272, 280 (5th Cir. 2002). Hosey has made no such showing in this case.

The rule regarding state procedural bars is subject to certain narrow exceptions. Federal courts will not consider claims on habeas review that were denied by a state court due to an "independent and adequate" state procedural rule unless a petitioner demonstrates cause and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Absent proof of cause and actual prejudice, federal habeas review is only available if a petitioner proves his innocence of the crime of conviction and thereby shows that a "fundamental miscarriage of justice" occurred. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In his response and other pleadings, Hosey does not dispute that counsel failed to object to the form of the verdict. Nor does he dispute that Mississippi's contemporaneous objection rule is an independent and adequate state procedural bar that applies to this claim. He fails to show that the Mississippi Supreme Court does not strictly or regularly apply the procedural bar. Petitioner has not demonstrated cause or actual prejudice for the procedural default. Moreover, Hosey makes no argument that an exception applies due to a "fundamental miscarriage of justice". Accordingly, the undersigned finds that the claim is procedurally barred.

Even if the undersigned were to consider the merits, the jury instructions stated that in order to be found guilty, the jury must find beyond a reasonable doubt that Hosey possessed cocaine with the intent to distribute it. Although Hosey focuses on the wording of the form of the verdict and argues that it is somehow technically deficient, he does not dispute that the trial court properly instructed the jury as to the elements of the crime of possession with intent to distribute.

Finally, Hosey has not explained how the state court's decision was contrary to, or involved an unreasonable application, of clearly established Federal law. Nor has he explained how the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. Thus, the undersigned finds this claim to be without merit.

**Issue (3): Weight of the Evidence**

Hosey next argues that the weight of the evidence does not support a verdict of guilty of possession of cocaine with intent to distribute. The Mississippi Court of Appeals considered this issue and stated that "[f]or the reasons expressed in our analysis of Hosey's first issue [sufficiency of the evidence], we do not find that it would sanction an unconscionable injustice to allow

Hosey's conviction to stand." *Hosey*, 77 So. 3d at 514.

Upon review of Hosey's first and third issues, it is unclear what, if any, distinction he draws between the "sufficiency of the evidence" and the "weight of the evidence". As explained with respect to the first issue, there was sufficient evidence in the record to support the jury's conclusion that Hosey was guilty of possession with intent to distribute. Although Hosey's trial counsel offered alternate interpretations of the evidence, Hosey has failed to point to any evidence that would demonstrate his innocence. Ultimately, the conflicts in the evidence and credibility determinations are for the trier of fact to determine and not for this Court to resolve in the context of a § 2254 petition. *See Galvan*, 293 F.3d at 764. Hosey has failed to demonstrate how the jury's verdict was so contrary to the weight of credible evidence that a miscarriage of justice has resulted. Moreover, Hosey has not explained how the state court's decision was contrary to, or involved an unreasonable application, of clearly established Federal law. Nor has he explained how the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. Thus, the undersigned finds this claim to be without merit.

**Issue (4): Exclusion of Defense Witness**

Hosey argues that the trial court erred when it did not allow Cassie Moore to testify at the trial on behalf of Hosey. Moore appeared unexpectedly on the second day of Hosey's trial. Dkt. [14-3] at 62. Both the prosecution and defense counsel were unaware of Moore's identity as a potential witness until she arrived at the courthouse that day. The trial court permitted defense counsel to proffer Moore's testimony outside of the jury's presence. *Id.* at 64-79. Moore testified that she only recently found out that Hosey was going to trial. *Id.* at 64-65, 68-69. On the day

8

that Hosey was arrested, she had been at a beauty salon owned by her cousin Tasha Hands. *Id.* at 65. Hands also witnessed Hosey's arrest and testified at trial about what she saw. *Id.* at 102-11. During the proffer, Moore testified about the arrest--that she saw a black SUV approach Hosey and that two men got out and assaulted Hosey. *Id.* at 66. Although she testified about the arrest itself, Moore did not offer any testimony about Hosey's activities at the intersection prior to his arrest. In fact, she indicated that she had not been paying attention to anything that Hosey was doing before she went outside to smoke a cigarette. *Id.* at 77-78. Moore also did not know whether Hosey had discarded anything during the altercation with police officers stating "[i]f he had anything, I'm not sure because I couldn't, you know, see if he throwed anything. But they jumped out on him so quick, I don't think he had time to throw anything." *Id.* at 66.

The prosecution objected to allowing Moore to testify. *Id.* at 81-83. The trial court held that Moore would not be allowed to testify because she was not identified as a witness prior to trial, and that "even though she says she saw something, she could not tell us a date, she could not tell us a location, and she could not tell us a name." *Id.* at 84-85. The trial court further found her testimony "totally irrelevant" and that "[s]he has noting to offer." *Id.* at 85.

The Mississippi Court of Appeals addressed the issue on appeal and held that Moore's testimony did not make more or less probable the questions of whether Hosey possessed narcotics or whether he intended to distribute narcotics; therefore, the trial court did not abuse its discretion in excluding Moore's testimony. *See Hosey*, 77 So. 3d at 514-16. The court further held that Hosey was able to bolster his case through Tasha Hands' testimony; therefore, Hosey was not unduly prejudiced by the trial court's exclusion of Moore's testimony as irrelevant. *Id.*

Federal habeas corpus review is limited to errors of constitutional dimension and federal

9

courts do not sit to review the mere admissibility of evidence under state law. *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998). Federal courts do not review the admissibility of evidence under state law rules unless an erroneous evidentiary ruling was so extreme as to result in a denial of a constitutionally fair proceeding. *Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999). The Fifth Circuit has explained that the evidentiary ruling must be so extreme that it constituted a denial of fundamental fairness. *Green v. Johnson*, 160 F.3d 1029, 1047 (5th Cir. 1998). Only where the error was material in the sense of being a crucial, critical, or highly significant factor will the petitioner be afforded habeas relief. *Id.*

In this case, Hosey has not explained how the exclusion of Moore's testimony was so extreme that it constituted a denial of fundamental fairness. As explained by the Mississippi Court of Appeals, Moore's testimony did not bear on the issues of whether Hosey possessed or distributed narcotics. She testified about the arrest and the altercation that Hosey had with the arresting officer, but she could not testify about Hosey's activities prior to the arrest, i.e. whether he was on the street selling drugs. Nor was she able to testify with any certainty whether Hosey discarded an object during the arrest. Furthermore, Tasha Hands testified regarding the events that both Hands and Moore witnessed during the arrest. Hosey has not explained how the state court's decision was contrary to, or involved an unreasonable application, of clearly established Federal law. Nor has he explained how the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. Thus, the undersigned finds this claim to be without merit.

### Issue (5): Evidence of Prior Convictions

Out of an abundance of caution, the undersigned considers the issue of whether the trial

court erred when it allowed the prosecution to introduce evidence of Hosey's prior convictions. This issue was raised on direct appeal and addressed by the Mississippi Court of Appeals; however, it appears that Hosey inadvertently left it out of his § 2254 petition. Specifically, he skipped from "ground four" to "ground six" in his petition. *See* dkt. [1] at 11-12. Then, in a later section of the petition where he discusses whether all of the issues were raised in his petition for certiorari, he mentions "Issue #5 Use of Prior Convictions". *Id.* at 13.

As with the previous issue, Hosey is challenging the trial court's evidentiary ruling. The Mississippi Court of Appeals discussed this issue and noted that it is well-settled Mississippi law that evidence of prior convictions is admissible to prove intent. *See Hosey*, 77 So. 3d at 516-17. The court further noted that the trial court gave a limiting instruction regarding the prior convictions. *Id.* Hosey has failed to explain how the trial court's evidentiary decision to allow evidence of prior convictions was so extreme that it constituted a denial of fundamental fairness. Hosey also has not explained how the state court's decision was contrary to, or involved an unreasonable application, of clearly established Federal law. Nor has he explained how the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. Thus, the undersigned finds this claim to be without merit.

**Issue (6): Opinion Testimony**

Hosey argues that the trial court erred when it allowed the introduction of improper lay opinion. During the trial, Sergeant Enochs testified that he observed Hosey on a live video feed interacting with other individuals at the intersection of 31st Avenue and 20th Street in Gulfport, Mississippi. Based on his observations, Enochs testified that he felt it necessary to send two detectives to investigate whether Hosey was selling drugs.

11

As with the previous two issues, Hosey challenges the state trial court's evidentiary ruling. Specifically, its ruling with respect to Mississippi Rule of Evidence 701, which limits the opinion testimony of a non-expert. The Mississippi Court of Appeals addressed the issue on appeal and concluded that Enochs did not express an opinion on the ultimate issue; i.e. whether Hosey was in fact selling narcotics. Rather, Hosey opined that, based on his observations, it was necessary to dispatch law-enforcement officers to investigate Hosey's suspicious behavior. The Court of Appeals also concluded that Enoch's testimony was necessary to frame the narrative of events that resulted in the Gulfport Police Department's interactions with Hosey. *See Hosey*, 77 So. 3d at 517.

In his § 2254 petition, Hosey fails to identify what part of Enoch's testimony constituted impermissible lay opinion. He has failed to explain how the trial court's evidentiary ruling constituted a denial of fundamental fairness. Moreover, Hosey has not explained how the state court's decision was contrary to, or involved an unreasonable application, of clearly established Federal law. Nor has he explained how the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. Thus, the undersigned finds this claim to be without merit.

### Issue (7): Cumulative Error

Hosey argues that he suffered prejudice from cumulative error. In his petition, he fails to identify a single specific error in support of this claim. The Mississippi Court of Appeals considered the issue and held that "we find no error present in this case, much less a cumulative effect of those non-existent errors." *Hosey*, 77 So. 3d at 518.

Likewise, the undersigned has addressed each of the issues raised in Hosey's petition and

does not find any of them to be meritorious. Given the absence of apparent errors in Hosey's trial, it is impossible to find a cumulative effect of errors. Moreover, Hosey has not explained how the state court's decision was contrary to, or involved an unreasonable application, of clearly established Federal law. Nor has he explained how the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. Thus, the undersigned finds this claim to be without merit.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Hosey's 28 U.S.C. § 2254 petition for writ of habeas corpus be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been

accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 11th day of March, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE